IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY | § § § | |
| V. | § § | C.A. NO. _____ JURY DEMAND |
| FIRST MERCURY INSURANCE COMPANY, AMERICA FIRST LLOYDS INSURANCE COMPANY, OHIO CASUALTY INSURANCE, AMERICAN GUARANTEE & LIABILITY INSURANCE CO., and SECURITY NATIONAL INSURANCE COMPANY | § § § § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Amerisure Mutual Insurance Company ("Amerisure"), and files this its Original Complaint and states as follows:

## PARTIES

1.    Amerisure is a corporation duly organized and existing under the laws of the state of Michigan with its principal place of business located in Farmington Hills, Michigan.

2.    Defendant First Mercury Insurance Company is a corporation duly organized and existing under the laws of the state of Illinois with its principal place of business located in Southfield, Michigan. It may be served with citation by serving it

President, Richard Hall Smith, or any Director or Officer at 29621 Northwestern Highway, Southfield, Michigan 48034

3.     Defendant America First Lloyds Insurance Company is a corporation duly organized and existing under the laws of the state of Texas, with its principal place of business located in Boston, Massachusetts. It may be served with citation by service on its Texas Agent for Service, Corporation Services Company, 701 Brazos, Austin, Texas 78701-3232.

4.     Defendant Security National Insurance Company is a corporation duly organized and existing under the laws of the state of Texas, with its principal place of business located in Dallas, Texas.  It may be served with citation by service on its Texas Agent for Service, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

5.     Defendant Ohio Casualty Insurance is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business located in Boston Massachusetts. It may be served with citation by service on its Texas Agent for Service, Corporation Services Company, 701 Brazos, Austin, Texas 78701-3232.

6.     Defendant American Guarantee & Liability Insurance Co. is a corporation duly organized and existing under the laws of the state of New York with its principal place of business located in Schaumburg, Illinois.  It may be served with citation by

service on its Texas Agent for Service, Corporation Services Company, 701 Brazos, Austin, Texas 78701-3232

## JURISDICTION AND VENUE

7.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that Amerisure and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial portion of the events giving rise to the claim occurred in Collin County, Texas.

## FACTUAL BACKGROUND

9.     On or about March 28, 2008 Amerisure issued to Frank Dale Construction, Ltd. ("Frank Dale") a Texas Commercial Package Policy, policy number CPP2035726020008, with a policy period of March 20, 2008 to March 20, 2009 ("Amerisure Policy"). The Amerisure Policy provides, in pertinent part, that it is excess over any and all other coverage provided to Frank Dale as an additional insured under any other policy.

10.     On or about March 4, 2005, Frank Dale entered into a subcontract with Texas American Sheetmetal, Inc. ("Texas American Sheetmetal") for certain work to be performed at the St. Elizabeth Ann Seton Faith Formation Center.    The subcontract contained insurance requirements which required that Texas American Sheetmetal

name Frank Dale as an additional insured under Texas American Sheetmetal's policy of insurance.

11.    Upon the information and belief, in 2005, First Mercury Insurance Company ("First Mercury") issued to Texas American Sheetmetal a policy which included commercial general liability coverage, policy number FMTX001142, with a policy period of September 27, 2005 to September 27, 2006 (hereafter "First Mercury Policy"). The First Mercury Policy contained one or more additional insured endorsements which provide coverage to Frank Dale as an additional insured.

12.    On or about October 9, 2002, Frank Dale entered into a subcontract with Universal Glass Company ("Universal Glass") for certain work to be performed at the St. Elizabeth Ann Seton Faith Formation Center.   The subcontract contained insurance requirements which required that Universal Glass name Frank Dale as an additional insured under Universal Glass's policy of insurance.

13.    Upon the information and belief, in 2004, America First Lloyds Insurance Company ("America First") issued to Universal Glass a policy which included commercial general liability coverage, policy number CCP9892430, with a policy period of October 2, 2004 to October 2, 2005. The policy was subsequently renewed under the same policy number for a policy period of October 2, 2005 to October 2, 2006, and again renewed for a policy period of October 2, 2006 to October 2, 2007 (hereafter "America

First Policy"). The America First Policy contained one or more additional insured endorsements which provide coverage to Frank Dale as an additional insured.

14. Upon the information and belief, Security National Insurance Company ("Security National") issued to Universal Glass a policy which included commercial general liability coverage, policy number CAP250361100, with a policy period of October 2, 2007 to October 2, 2008 (hereafter "Security National Policy"). The Security National Policy contained one or more additional insured endorsements which provide coverage to Frank Dale as an additional insured.

15. On or about August 4, 2003, Frank Dale entered into a subcontract with NT Masonry Services, Inc. ("NT Masonry") for certain work to be performed at the St. Elizabeth Ann Seton Faith Formation Center. The subcontract contained insurance requirements which required that NT Masonry name Frank Dale as an additional insured under NT Masonry's policy of insurance.

16. Upon the information and belief, Ohio Casualty Insurance ("Ohio Casualty") issued to NT Masonry a policy which included commercial general liability coverage, policy number BH053561839, with a policy period of November 1, 2007 to November 1, 2008 (hereafter "Ohio Casualty Policy"). The Ohio Casualty Policy contained one or more additional insured endorsements which provide coverage to Frank Dale as an additional insured.

17.    On or about October 7, 2003, Frank Dale entered into a subcontract with Southwest Construction Services ("Southwest Construction") for certain work to be performed at the St. Elizabeth Ann Seton Faith Formation Center.    The subcontract contained insurance requirements which required that Southwest Construction name Frank Dale as an additional insured under Southwest Construction's policy of insurance.

18.    Upon the information and belief, American Guarantee & Liability Insurance Co. ("American Guarantee") issued to Southwest Construction a policy which included commercial general liability coverage, policy number CPO379933401, with a policy period of July 19, 2005 to July 19, 2006  (hereafter "American Guarantee Policy"). The American Guarantee contained one or more additional insured endorsements which provide coverage to Frank Dale as an additional insured.

19.    On or about June 4, 2008, suit was filed against Frank Dale in the lawsuit styled: Cause No. 366 01353 2008; *Most Reverend Charles V. Grathmann, Bishop of the Roman Catholic Dioceses of Dallas and his Successors in Office for the Exclusive Benefit of St. Elizabeth Ann Seton Catholic Parish v. Frank Dale Construction, Ltd. and Darmes, Inc.* In the 366th Judicial District Court of Collin County, Texas ("Underlying Lawsuit"). On or about June 18, 2009, the plaintiff in the Underlying Lawsuit filed its First Supplemental Original Petition which is the live pleading in the case. Copies of the Original and First

Supplemental Original Petition are attached hereto as Exhibits "A" and "B" and incorporated herein by reference.

20.    In the Underlying Lawsuit, the plaintiff alleges that Frank Dale undertook construction of the Faith Formation Center at St. Elizabeth Ann Seton church. The plaintiff further alleges that there were defects associated with the construction of the roof, stucco, masonry, windows and HVAC system and led to damages.

21.    Counsel for Frank Dale tendered the defense and indemnity of Frank Dale to First Mercury, America First, Ohio Casualty, American Guarantee and Security National as an additional insured under their policies of insurance. To date, none of these carriers have accepted Frank Dale's tender.

22.    A dispute between the parties has arisen regarding whether First Mercury, America First, Ohio Casualty, American Guarantee and Security National have any duty to defend and/or indemnify Frank Dale as a result of the allegations against it in the Underlying Lawsuit.

23.    An actual controversy exists between the parties because Amerisure believes that First Mercury, America First, Ohio Casualty, American Guarantee and Security National's policies provide coverage and that they have a duty to defend and/or indemnify whereas Zurich, First Mercury, America First, Ohio Casualty, American Guarantee and Security National have either refused to provide coverage and/or fail to provide the agreed coverage.

24.    As a result of the coverage dispute herein, Amerisure has been required to engage the services of the undersigned to prosecute this lawsuit and have been forced to incur reasonable, necessary and customary attorney's fees and expenses.

25.    As a result of payments made by Amerisure, Amerisure is subrogated to Frank Dale's rights with respect to First Mercury, America First, Ohio Casualty, American Guarantee and Security National's obligations and/or entitled to contribution.

<u>CAUSES OF ACTION</u>

26.    Amerisure incorporates by reference, as if fully set forth herein, paragraphs 1 through 25, inclusive.

27.    The allegations in the Underlying Lawsuit constitute an occurrence which caused property damage to occur within the First Mercury, America First, Ohio Casualty, American Guarantee and Security National policies of insurance. Additionally, Frank Dale is an additional insured under the First Mercury, America First, Ohio Casualty, American Guarantee and Security National policies of insurance and those policies are primary to any and all other insurance afforded to Frank Dale.

28.    The allegations in the Underlying Lawsuit potentially trigger coverage under the First Mercury, America First, Ohio Casualty, American Guarantee and Security National's policies of insurance and therefore Defendants have a duty to defend and/or indemnify Frank Dale as a result of the allegations contained in the Underlying Lawsuit.

29.    Defendants' failure to provide a defense to Frank Dale constitutes a breach of their policies of insurance and has damaged Amerisure and Frank Dale.

30.    Amerisure is entitled to a Declaratory Judgment that the Defendants owe a duty to defend and-or duty to indemnify Frank Dale from the claims against it in the Underlying Litigation and the coverage afforded by Defendants is primary and Amerisure's is excess.

31.    As a result of Defendants' breach of contract, Amerisure is entitled to recover its reasonable, necessary and customary attorney's fees and expenses for bringing this suit.

32.    As a result of the Defendants' failure to pay benefits under their policies (provide a defense), Defendants have violated the Texas Insurance Code and thereby entitling Amerisure to 18% interest and its reasonable, necessary and customary attorney's fees and expenses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Amerisure Mutual Insurance Company respectfully prays that this Honorable Court declare that Defendants First Mercury, America First, Ohio Casualty, American Guarantee and Security National's policies of insurance provide coverage for the allegations against Frank Dale Construction, Ltd. in the Underlying Lawsuit; that First Mercury, America First, Ohio Casualty, American Guarantee and Security National have a duty to defend and indemnify Frank Dale Construction, Ltd. as a result of the Underlying Lawsuit; award

Amerisure Mutual Insurance Company the attorney's fees and expenses incurred by it in providing Frank Dale Construction, Ltd. a defense in the Underlying Lawsuit; award Amerisure Mutual Insurance Company its reasonable, customary and necessary attorney's fees and expenses incurred in bringing this lawsuit; award Amerisure Mutual Insurance Company 18% interest on the defense costs not paid by Defendants and for such other and further relief this Court may deem just and proper.

Respectfully submitted,

By: _____

Fred L. Shuchart
Federal I.D. No. 11851
State Bar No. 18316250
KROGER | FRISBY
3100 Weslayan, Suite 300
Houston, Texas  77027
Tel: (713) 961-7952
Fax: (713) 961-7953

**ATTORNEYS FOR PLAINTIFF AMERISURE MUTUAL INSURANCE COMPANY**